UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BETINA L. TILLMAN, Personal Representative of the Estate of Felipe M. Tillman, Deceased** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 02-CV-0761-CVE-SAJ<br>) |
| **CAMELOT MUSIC, INC.,** | )<br>)<br>) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court are Plaintiff's Motion for Entry of Judgment (Dkt # 79) and Defendant's Motion for Summary Judgment (Dkt. # 82). Plaintiff, the personal representative of the estate of Felipe M. Tillman, a former employee of Camelot Music, Inc. ("Camelot"), brought suit against Camelot to recover the proceeds of a corporate-owned life insurance ("COLI") policy which Camelot obtained on the life of Felipe M. Tillman. On September 29, 2003, the Court held that (1) Oklahoma law applied to the claim, (2) the statute of limitations did not bar plaintiff's claim, (3) the insurance policy at issue was constructively delivered in Oklahoma, (4) Camelot had an insurable interest in Tillman's life, and (5) Camelot was not unjustly enriched when it received life insurance proceeds as a result of Tillman's death.

On May 11, 2005, the Tenth Circuit affirmed this Court's rulings on constructive delivery and unjust enrichment, but reversed the ruling on insurable interest. Tillman v. Camelot Music, Inc., 408 F.3d 1300 (10th Cir. 2005). The Tenth Circuit did not address the statute of limitations issue, as Camelot did not appeal that ruling. This Court subsequently held a status conference and permitted the parties to brief issues related to the amount plaintiff claims she is entitled to recover.

**I.**

Plaintiff argues that, pursuant to Okla. Stat. tit. 36, § 3604 (1991), she is entitled to recover death benefits in the amount of $339,302.47, and prejudgment interest at the statutory rate of six percent (6%) per annum. Tillman was insured in 1990 and died in 1992, prior to a change in the statute in 1994. At that time, section 3604 provided, in relevant part:

> If the beneficiary, assignee or other payee under any contract made in violation of this section receives from the insurer any <u>benefits thereunder accruing upon the death</u>, disablement, or injury of the individual insured, the individual insured or the executor or administrator, as the case may be, may maintain an action to recover such benefits from the person so receiving them.

Okla. Stat. tit. 36, § 3604(B) (1991) (emphasis added). The Tenth Circuit's holding that Camelot did not have an insurable interest in Tillman's life effectively means that Camelot violated section 3604(A), which provided, in relevant part: "[N]o person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable to the individual insured or his personal representatives, or to a person having, at the time when such contract was made, an insurable interest in the individual insured." <u>Id.</u> § 3604(A) (1991). Hence, plaintiff maintains that she is entitled to the benefits Camelot received from the policy accruing upon the death of Felipe M. Tillman.

Camelot maintains that plaintiff is not entitled to any recovery because Camelot received no "benefit" or "profit or gain" in connection with its policy on Tillman's life, as the policy was only a small part of Camelot's large and complex investment vehicle -- its COLI plan -- and any "benefits" must be viewed in the context of the plan as a whole. Indeed, Camelot asserts, it lost more than $19 million on its COLI plan. Alternatively, Camelot asks that the Court reduce the amount owed by the costs, administrative fees, and taxes that Camelot was forced to pay in relation

2

to the Tillman policy. Thus, Camelot seeks an order declaring that plaintiff is entitled to no recovery other than the $1,038.32 in appeal costs, or, in the alternative, that she is entitled to a maximum recovery of $201,374.92, representing plaintiff's appeal costs in addition to the net amount that Camelot received in connection with the Tillman policy after its payment of premiums, administrative costs/fees and taxes.

The Court finds that plaintiff is entitled to $339,302.47, the full amount of policy benefits that Camelot received when it made a claim upon the death of Felipe M. Tillman, its former employee. The parties have cited to several dictionaries as to the definition of "benefit" in support of their arguments. The Court relies instead upon the plain language of the statute -- which is "benefits thereunder accruing upon the death . . . ." Thus, it plainly means death benefits under the policy. Further, it does not state "net benefits," or "profit," or "gain." The Court concludes that Camelot is not entitled to any setoff due to premiums it paid for the policy, administrative costs in connection with the COLI policies, or any taxes it paid as a result of a settlement with the IRS. Camelot has not provided the Court with any authority warranting equitable relief in the form of setoff under the circumstances of this case.

## II.

Plaintiff claims entitlement to prejudgment interest under Okla. Stat. tit. 23, § 22, which provides: "The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon." Plaintiff asserts that Camelot had an obligation to pay money when Camelot received the death benefits from its policy on Tillman's life. Plaintiff also cites three cases applying section 22 to contractual obligations to pay money: Fidelity-Phenix Fire Ins. Co. of New York v. Board of Education of Town of Rosedale, 204

P.2d 982, 987-88 (Okla. 1948); Sebring v. FDIC, 401 P.2d 479, 482-83 (Okla. 1963); and Poteete v. MFA Mut. Ins. Co., 527 P.2d 18, 22 (Okla. 1974). Plaintiff also cites State ex rel. State Ins. Fund v. Accord Human Resources Inc., 82 P.3d 1015, 1018-20 (Okla. 2003), for the proposition that section 22 is applicable to an obligation to pay money created by statute.

Plaintiff is not entitled to pre-judgment interest under Okla. Stat. tit. 23, § 22 because no contractual relationship existed between Camelot and Tillman or his family with regard to insurance. Fidelity-Phenix, for example, involved an obligation under an insurance contract that the insurer failed to pay and the insured brought an action on the policy. 204 P.2d at 984. Sebring involved the obligations of a failed bank to its creditors and depositors. 401 P.2d at 482. Poteete involved a suit on a homeowner's policy by the homeowner against the insurer and its general agent. 527 P. 2d at 19-20. The "obligation to pay money" in Accord Human Resources was not an obligation to pay money created by statute, but an "obligation to pay an insurance premium created by a contract of insurance." 82 P.3d at 1020. Section 22 is not applicable to the circumstances of this case.

Plaintiff is entitled to prejudgment interest under Okla. Stat. tit. 23, § 6, which provides that a person who is entitled "to recover damages certain, or capable of being made certain by calculation," shall also recover interest from the day upon which his right to recover was vested. Id. Plaintiffs cites Heiman v. Atlantic Richfield Co., 891 P.2d 1252, 1258 (Okla. 1995); Harrell v. Samson, 980 P.2d 99, 108-09 (Okla. 1998); and Cable v. State ex. rel. Oklahoma Police Pension and Retirement Board, 31 P.3d 392, 399 (Okla. Civ. App. 2001), which generally interpret the statute such that "[i]nterest may run from the date that the claim was both certain and the party had a right to the principal." Heiman, 891 P.2d at 1258. Camelot argues that plaintiff is not entitled to pre-judgment interest under Okla. Stat. tit. 23, § 6 because plaintiff's right to a recover will not vest and

4

the amount of such recovery, if any, is not certain until this Court rules on those issues. Camelot relies on Essley v. Mershon, 262 P.2d 417, 420 (Okla. 1953), in which the Oklahoma Supreme Court held that "the amount due plaintiff was unliquidated and was not certain or determined until rendition of judgment by the trial court." Id.

Here, the amount due to Tillman's estate was liquidated and certain on June 12, 1992, the date Camelot received payment from the insurer of benefits due under the COLI policy Camelot obtained on Tillman's life. As stated in Cable, "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." 31 P.3d at 399 (internal quotations and citations omitted). Okla. Stat. tit. 23, § 6 is applicable, and plaintiff is entitled to prejudgment interest from June 12, 1992 at the statutory rate of six percent (6%) per annum. See Okla. Stat. tit. 15, § 266.

### III.

Camelot's motion for summary judgment also included an argument that plaintiff is not entitled to attorney's fees. Plaintiff responded, and the Court agrees, that an award of attorneys' fees is a post-judgment matter that the Court need not address at this time.

### IV.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Judgment (Dkt # 79) is hereby **granted**, and Defendant's Motion for Summary Judgment (Dkt. # 82) is hereby **denied**. A separate judgment will be entered this date.

**DATED** this 14th day of December, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT